IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| TOD W. GROSS, | * |
| Plaintiff, | * |
| v. | * Civil Case No.: SAG-25-463 |
| DONALD J. TRUMP, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff Tod W. Gross, who is self-represented, filed this lawsuit against Defendants Donald J. Trump and J.D. Vance to challenge their eligibility to hold office and have them removed from their respective offices. ECF 1. The Clerk's Office sent a deficiency notice to Plaintiff noting that the Clerk had not received the required filing fee nor a petition to proceed *in forma pauperis*, and his Complaint was missing several items required by this Court's local rules. ECF 3. However, this Court's initial review of the Complaint reflects that this Court lacks subject matter jurisdiction over this case and will be unable to proceed even if Plaintiff rectifies those deficiencies. No hearing is necessary, *see* Loc. R. 105.6 (D. Md. 2023), and the Complaint must be dismissed.

Plaintiff alleges that Defendant Trump "engaged in an insurrection" on January 6, 2021. ECF 1 ¶ 1. Since that date, both Defendants "have given aid and comfort to the Insurrectionists," in particular by granting pardons to persons who were found guilty of or pleaded guilty to criminal conduct on January 6th. *Id.* ¶ 2. Plaintiff believes that the Fourteenth Amendment "forbids the defendants from holding their respect[ive] offices," and "demand[s]" that Defendants "be declared illegitimate holders of their office and be removed from their office." *Id.* ¶ 3.

This Court cannot entertain Plaintiff's Complaint because he has not shown he has a personal stake in this litigation sufficient to satisfy Article III's standing requirements. "To ensure that the Federal Judiciary respects the proper—and properly limited—role of the courts in a democratic society, a plaintiff may not invoke federal-court jurisdiction unless he can show a personal stake in the outcome of the controversy." *Gill v. Whitford*, 585 U.S. 48, 65 (2018) (cleaned up). "A federal court is not a forum for generalized grievances, and the requirement of such a personal stake ensures that courts exercise power that is judicial in nature." *Id.*

To invoke federal jurisdiction, accordingly, a plaintiff must establish the three "irreducible" minimum requirements of Article III standing: (1) injury-in-fact, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560).

Although Plaintiff has provided some allegations surrounding what he believes to be improper conduct at the highest levels of our government, he has not explained how that alleged conduct has injured or will injure him personally. A "generalized grievance against allegedly illegal governmental conduct" is not "sufficient for standing to invoke the federal judicial power." *United States v. Hays*, 515 U.S. 737, 743 (1995). Plaintiff is alleging that the President and Vice President are ineligible to hold their offices. Any injury from them improperly holding their positions would accrue to every citizen and would not be particularized to Plaintiff.

Although it is admirable that Plaintiff seeks to take such an active role in governance, he has not established the requisite personal injury for a federal court to be the right forum in which to do so. "[A]n asserted right to have the government act in accordance with the law is not

sufficient, standing alone, to confer jurisdiction on a federal court." *Whitmore v. Arkansas*, 485 U.S. 149, 160 (1990). Because Plaintiff does not have standing, this Court is devoid of jurisdiction and must dismiss this case. A separate Order follows, which will close this case.

Dated: February 13, 2025                                                        /s/
                                                                  Stephanie A. Gallagher
                                                                  United States District Judge